Dear Mr. Hines:
You have requested an opinion from our office on whether Advanced Practice Registered Nurses (APRNs) working under the Medicaid Managed Care Program should be reimbursed at the same rates as other health care providers. More specifically your request inquires about the applicability of LA. R.S. 40:2212 to situations where APRNs are treating medicaid patients in a Medicaid Managed Care Program clinic.
In 2001, the legislature amended LA. R.S. 40:2212 with Act No. 704, which mandates that APRNs get paid the same rate as other healthcare providers when performing the exact same services. LA. R.S. 40:2212 now reads: "[a]ny qualified plan shall not exclude from direct reimbursement health care services provided by an advanced practice registered nurse who provides health care services under the direction of a physician for basic benefit services covered by the basic health plan." LA. R.S.40:2212. The statute goes further to state that, "[a]ny qualified plan shall not reimburse health care services provided by an advanced practice registered nurse at a rate less than the rate paid to other health care providers who perform the same services." LA. R.S. 40:2212.
In order to determine whether reimbursement is warranted under LA. R.S. 40:2212, it must first be determined whether we are dealing with a "qualified plan." In the definitions section of this statute, a "qualified plan" is defined as a "basic benefits plan that may be established under a health maintenance organization, health insurance organization, or managed care organization that contracts with the state to provide or coordinate the provision of health care services to an enrollee." LA. R.S. 40:2211.
It is important to discuss the nature of the Louisiana Community Care Program ("CommunityCARE") and the Community Care Clinics you mentioned in your letter. Department of Health and Hospitals (DHH) has maintained that CommunityCARE is nothing more than a link between medicaid patients and providers, and that Community CARE does not meet the aforementioned definition of a "qualified plan." However, CommunityCARE patients are provided health care services through a public health care insurance plan, medicaid. While the definition for a "qualified plan" does not refer to public or private insurers, it does contain suggestive elements that meet the characteristics of medicaid.
The intent of the legislature is clear by the language of the preamble of Act 704, which states its purpose is, "[t]o enact R.S. 40:2212(C), relative to basic benefit plans provided under a health care cost control program; to prohibit the basic benefit plan from excluding direct reimbursement for [APRNs]; to require reimbursement for [APRNs] at a rate equal to that paid other health care providers for performance of the same services" It is the opinion of this office that there is no intent to differentiate between public and private health care providers, and absent such intent, it is assumed that all APRNs will be reimbursed according to the statute.
Moving from the intent of the legislature to the exact language of the statute, we can still find no evidence that R.S. 40:2212(C) is only applicable to private insurers. Hence, the crux of the question hinges on whether the Medicaid Managed Care Program, under which CommunityCARE is created, meets the definition of a "qualified plan." As mentioned above, the elements of a qualified plan are that it must be a basic benefits plan. Title XIX of the Social Security Act requires certain basic services to medicaid recipients such as: inpatient hospital services, outpatient hospital services, physician services, medical and surgical dental services, rural health clinic services, etc.www.cms.hhs.gov/medicaid/mservice.asp.
Therefore Medicaid provides a basic benefits plan through a public insurance program, just as private insurers do (i.e., Blue Cross and Blue Shield of Louisiana). Next the statute goes on to suggest that this plan may, not shall, be established under a health maintenance organization, health insurance organization, or managed care organization. Again this is merely suggestive language under which the plan may be established. Medicaid is however, a "health insurance organization," despite the fact that it is public. This is evident by the language of Louisiana's Department of Health and Hospital website, which states that, "[m]edicaid is the public insurance program that reimburses for health care services provided to low-income elderly, disabled and families with children."http://www.dhh.state.la.us/MEDICAID/
The statute further states the plan would be one which contracts with the state. According to the Federal Medical Assistance Percentages (FMAP) from Louisiana's Medicaid Program, Medicaid is approximately 70% federal funded and 30% state funded. Furthermore, the federal government has approved Louisiana's request to expand the CommunityCARE Medicaid Managed Care Program. According to a March 8, 2002 letter to Mr. Ben Beardon, Director of Louisiana's Department of Health and Hospitals, the federal government states that its approval for the CommunityCARE program "provides for the waiver of the following Sections of Title XIX of the Act: Section 1902(a)(10)(B) (Comparability of Services), and Section 1902(a)(23) (Freedom of Choice)." The letter states the approval is for a two-year period from March 1, 2002 to February 29, 2004. This is clearly a contract between the federal government and the state, which distributes funding for CommunityCARE and medicaid insurance, to, as R.S. 40:2211 states, "provide or coordinate the provisions of health care services to an enrollee."
Our last element of the definition for a "qualified plan" involves the definition of an "enrollee," according to the statute. An enrollee under this definition section is defined as "any Medicaid recipient or indigent, uninsured, or underinsured person enrolled in a qualified plan for the provision of health care services whose enrollment costs are paid wholly or in part by the state under a federal waiver to the Medicaid program." LA. R.S. 40:2211. Since the enrollment fee of $3.00 for CommunityCARE patients is paid by the state, and CommunityCARE operates under the aforementioned federal waiver, these CommunityCARE medicaid patients meet the definition of an enrollee.www.dhh.state.la.us/NEWS/faqconcerningcc.htm. (question #9 regarding enrollment fee).
While CommunityCARE by itself does not meet the definition of a "qualified plan," because it simply links medicaid patients to doctors, the Medicaid Managed Care Program under which it operates does meet this definition. It is therefore our conclusion that since Act 704 makes no distinction between public and private insurance programs, APRNs are to be paid equally. These APRNs do not need to be listed as a Primary Care Physician (PCP) under the CommunityCARE program. All R.S. 40:2212(C)(1) mandates is that the "qualified plan" (Medicaid coverage) "shall not exclude from direct reimbursement health care services provided by an advanced practice registered nurse who provides health care services under the direction of a physician for basic benefit services covered by the basic health plan." LA. R.S. 40:2212. It is irrelevant whether these APRNs are registered as PCPs, since the physicians under whom they are working should be registered. Further analysis of R.S. 40:2212(C)(2) dictates that these APRNs should be paid the same when performing the same procedures.
While it has been addressed by previous correspondence regarding this opinion that CommunityCARE is not a "qualified plan," we are of the opinion that it is the public insurance it offers that is a "qualified plan." It is the Medicaid Managed Care Program, which includes both CommunityCARE and medicaid insurance, that makes R.S. 40:2212 applicable to the situation described in your opinion request. If it was intended to exclude public insurers from having to reimburse APRNs at an equal rate, new legislation should be enacted in order to make that distinction. We trust this answers your inquiry. Please contact our office if you have any further questions or concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB;mjb
Date Released: April 23, 2003
CHARLES H. BRAUD, JR.
Assistant Attorney General